IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-41155
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN DE LA FUENTE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-149-1

April 19, 2002

Before GARWOOD, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Juan De La Fuente (De La Fuente) appeals his jury conviction for importation and possession with intent to distribute less than 50 kilograms of marihuana. He argues that the district court erred in including a deliberate-ignorance instruction in its charge to the jury.

In light of De La Fuente's inconsistent statements, his

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nerevousness during the search of the vehicle, the testimony from customs inspectors and De La Fuente's own testimony at trial, the district court did not err in instructing the jury on deliberate ignorance. *See United States v. Lara-Velasquez*, 919 F.2d 946, 950-53 (5th Cir. 1990).

With respect to the complaints on appeal as to the form or precise wording of the deliberate ignorance charge given, we note that the only objection at trial was "I only object to Section 8, second paragraph, Page 5, which is the deliberate ignorance charge. It was requested by the Government and the evidence doesn't show it." The deliberate ignorance charge given is exactly that provided in the then current, as well as in the present, Fifth Circuit Pattern Jury Instruction 1.37 (1997 ed. and 2001 ed.), and has frequently been quoted by this Court with apparent approval where we have upheld the giving of a deliberate ignorance instruction against the claim that the evidence did not support it. *See, e.g., United States v. Moreno,* 185 F.3d 465, 476 n.6 (5th Cir. 1999); *United States v. Lara-Velasquez* at 953. No case has been cited to us holding this form or wording of the deliberate ignorance instruction to be erroneous. We discern no plain error (if, indeed, error of any kind) in the precise wording or form of the deliberate ignorance instruction given and further conclude that likely prejudice has not been shown in respect to the presently asserted errors of wording or form in the deliberate

ignorance charge as given.  Fed. R. Crim. P. 52(b).

AFFIRMED